UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN LAPINE,

    Plaintiff,

v.

JON PAVITT, et al.,

    Defendants.

                           /

Case No. 2:20-cv-12788

HONORABLE STEPHEN J. MURPHY, III

## **OMNIBUS OPINION AND ORDER**

In January 2021, the Court dismissed Plaintiff's complaint under 28 U.S.C. § 1915(g). ECF 6. The Court then received a motion for a temporary restraining order, ECF 7, and two motions to alter or amend the order dismissing the case, ECF 8, 9. For the following reasons, the motions are denied.

### **BACKGROUND**

Plaintiff filed a pro se civil rights complaint under 42 U.S.C. § 1983. ECF 1. The Court dismissed the complaint without prejudice because Plaintiff had at least four prior civil rights complaints dismissed by federal courts pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. ECF 6, PgID 64. Plaintiff had also been denied permission several times to proceed in forma pauperis under 28 U.S.C. § 1915(g) based on the prior dismissals. *Id.* In dismissing the complaint, the Court rejected Plaintiff's argument that the imminent danger exception applied to his circumstance because Plaintiff's allegations of becoming paralyzed due to Defendant's

1

refusal to perform surgery were substantially similar to Plaintiff's claims of medical indifference raised in a prior lawsuit before the Court. ECF 6, PgID 65–66.

In the prior case, the Court granted summary judgment to the defendants because the defendants' refusal to perform surgery on Plaintiff was not deliberate indifference to his health problems, but rather, a disagreement over the proper course of treatment. *LaPine v. Corizon Inc.*, No. 2:18-CV-10750, 2020 WL 5884710, at * 5 (E.D. Mich. Mar. 31, 2020). And in the present case, the Court rejected Plaintiff's imminent danger allegations because they were completely unsupported by any evidence; they amounted to no more than "a thinly veiled rehashing" of similar claims made by Plaintiff in his prior, rejected lawsuit. *See* ECF 6, PgID 65–66; *Chance v. Tennessee,* 47 F. App'x. 762, 763 (6th Cir. 2002).

## DISCUSSION

The Court will first address Plaintiff's motion for a temporary restraining order and then will address the motions to alter or amend the judgment.

I.   Temporary Restraining Order

"Temporary restraining orders . . . are extraordinary remedies which should be granted only if the movant carries his burden of proving that the circumstances clearly demand it." *Barron v. PGA Tour, Inc.*, 670 F. Supp. 2d 674, 682 (W.D. Tenn. 2009) (citation and quotation omitted). The purpose of a TRO "is to preserve the status quo so that a reasoned resolution of a dispute may be had." *Proctor & Gamble Co. v. Bankers Trust Co.* 78 F.3d 219, 226 (6th Cir. 1996). A TRO that requests an affirmative act, like the one Plaintiff request here, is "tantamount to a mandatory

2

injunction [and] requires a higher—yet undefined—burden to issue than required of an order merely preserving the status quo." *Shelby Cty. Advocates for Valid Elections v. Hargett*, 348 F. Supp. 3d 764, 769 (W.D. Tenn. 2018) (citing *Hill v. Snyder*, No. 16-2003, 2016 WL 4046827, at *1–2 (6th Cir. July 20, 2016); *Ne. Ohio Coal. for Homeless and Serv. Emp. Int'l. Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1006 (6th Cir. 2006)).

When determining whether to issue a TRO, the Court looks at: "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a stay, (3) whether granting the stay would cause substantial harm to others, and (4) whether the public interest would be served by granting the" motion. *Blackwell*, 467 F.3d at 1009. The factors are "interrelated considerations that must be balanced together." *Id*. (citation omitted).

Here, the Court has already determined Plaintiff will not succeed on the merits of his claims. ECF 6, PgID 65–66. Instead, the Court has determined that Plaintiff's allegations of imminent danger will not stand because they were completely unsupported by any evidentiary material and present nothing more than "a thinly veiled rehashing" of similar claims made by Plaintiff in his prior, rejected lawsuit. *Id*. Because Plaintiff is unlikely to succeed on the merits of his claim, it is unnecessary to analyze the remaining TRO factors.

II.     Motion to Alter or Amend Judgment

A motion to alter or amend judgment brought by a prisoner pursuant to Civil Rule of Procedure 59(e) may properly be analyzed as a motion for reconsideration

3

pursuant to Local Rule 7.1 of the Eastern District of Michigan. *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999).

To succeed on a motion for reconsideration, "[t]he movant must not only demonstrate a palpable defect by which the Court . . . [has] been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). A palpable defect is one that is "obvious, clear, unmistakable, manifest, or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). A motion for reconsideration must fail if it "merely present[s] the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010) (citation omitted). Thus, in the absence of "a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided." *Id.*

Plaintiff's motions for reconsideration will be denied because he is merely presenting issues that were already ruled upon, either expressly or by reasonable implication, when the Court summarily dismissed the complaint pursuant to § 1915(g). *See Hence*, 49 F. Supp. 2d at 553.

Finally, Plaintiff may not appeal this order in forma pauperis because an appeal cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

4

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motion for a temporary restraining order and preliminary injunction [7] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's motions to alter or amend judgment [8, 9] are **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff is **DENIED** a certificate of appealability because an appeal of this order cannot be taken in good faith.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 1, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 1, 2021, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager